## Adolph Andel, County Treasurer, v. The People of the State of Illinois ex rel.

1. · STATUTES—*Rules of Construction.*—In construing a statute, every part should, if possible, be upheld and given its appropriate force, and the primary consideration is to ascertain and give effect to the legislative intention, for the intent of the statute is the law.

2. SAME—*Construction of the Act of May 10, 1901, in Regard to City Courts.*—Sec. 5 of the law under which the City Court was created, gives the judge of the court the power to appoint a reporter " on the same terms as the Circuit Court," but in no section of the law is it provided in direct language, how, or by whom, the reporter shall be paid. *Held,* that all of the terms, including the manner of payment embraced in the law of 1887, providing for the appointment of reporters by the circuit judges, were intended to be enacted in Sec. 5 of the law providing for the creation of city courts, and the two laws should be construed together.

**Mandamus.**—Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFFER, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

This proceeding is mandamus to compel appellant, as county treasurer of St. Clair county, to pay the relator, John A. Holder, $235 for forty-seven days' attendance and service as the duly appointed and sworn shorthand reporter of the City Court of East St. Louis, at its August term, A. D. 1901, at $5 per day. The claim was signed and sworn to be true and correct by the relator, and was duly approved by Silas Cook, the judge of the court, and was presented to appellant and payment demanded, which was refused on the ground that St. Clair county was not liable for the claim.

The petition, which set forth the foregoing facts, was demurred to by appellant; the court overruled the demurrer, and appellant elected to stand by his demurrer, when he was duly defaulted, and judgment was rendered against him awarding a peremptory writ of mandamus, as prayed ror in the petition, and the defendant has appealed from the order of the court.

JAMES A. FARMER, attorney for appellant.

Freels & Joyce, attorneys for appellee.

Whenever an act of the legislature confers powers which are recited in another act, the act to which reference is made is to be considered and treated as if it were incorporated into, and made a part of, the act which contains the reference. Turney v. Wilton, 36 Ill. 385, 393; Phenix Assurance Co. v. Montgomery Fire Dep. (Ala.), 42 L. R. A. 468; Territory of Dakota ex rel. McMahon v. O'Connor, 3 L. R. A. 355.

Every part of a statute should, if possible, be upheld and given its appropriate force. Misch v. Russell, 136 Ill. 22, 25; Ambler v. Whipple, 139 Ill. 312; City of Cairo v. Coleman, 53 Ill. App. 680, 689.

Where there is no uncertainty or ambiguity in a statute there is no necessity for judicial construction. Courts can not, as a general rule, disregard the plain language of a statute. It is their duty to accept it as they find it, and enforce it as it is plainly written. Ottawa Gas Light & Coke Co. v. Downey, 127 Ill. 201; The People v. Rose, 174 Ill. 310, 316.

Mr. Presiding Justice Bigelow delivered the opinion of the court.

The errors assigned require us only to determine whether the ruling of the court in overruling appellant's demurrer to appellee's petition is correct, or the reverse.

The City Court of East St. Louis is organized under an act of the legislature entitled "An act in relation to courts of record in cities. Approved May 10, 1901. In force July 1, 1901." See Hurd's Revised Statutes of 1901, page 573. Section 1 of the act provides that "the City Court shall have concurrent jurisdiction with the circuit courts within the city in which the same may be, in all civil cases, and in all criminal cases arising in said city; and in appeals from justices of the peace in said city."

Section 2 of the act provides that the court shall have a seal which shall be paid for by the city.

Section 3 provides that the court shall be held at such place in the city as may be provided by the corporate authorities thereof, and if they fail to provide a place, or

the place shall become unfit, or none is provided, then the court may adjourn to or convene at a suitable place in the city, and there hold the court until a suitable place is provided, and the expense shall be borne by the city.

Section 4 provides that all blanks, books, papers, stationery and furniture necessary to the keeping of a record of the proceedings of such court shall be furnished at the expense of the city.

Section 5 of the act provides for the election of judges of such courts by the qualified voters of the city, and after fixing the term of office of the judges, etc., it provides:

"They shall qualify and be commissioned in the same manner, be vested with the same powers and perform the same duties as circuit judges, and have the right to appoint a court reporter on the same terms as the Circuit Court."

Section 19 of the act provides:

"The fees of the grand and petit jurors of such courts, including the fees for summoning the same, shall be paid out of the county treasury of the county wherein such court is established, upon the certificate of the clerk of such court."

Section 23 of the act fixes the judge's salary and provides that it shall be paid out of the city treasury.

In no section of the law is it provided in direct language how or by whom the reporter shall be paid.

The contention of counsel for appellant is that if it follows from the fact of the appointment that the reporter must be paid, then he should be paid by the municipality over which the jurisdiction of the court which made the appointment extends; while the contention of counsel for appellee is that the law authorizing the judges of the circuit courts to appoint shorthand reporters, which went into effect July 1, 1887 (see Hurd's R. S., 1901, page 560), should be read into or so connected with the law that authorizes the judges of city courts to appoint reporters for their courts as to become a part of the latter law.

That portion of the law of 1887 especially claimed by counsel for appellee to be in effect, a part of the law entitled "An act in relation to courts of record in cities," is a part

of section 2 of the law of 1887, authorizing the judges of circuit courts to appoint shorthand reporters, and is as follows:

"The compensation of the reporter for taking such phonographic notes shall be fixed by the judges appointing him at any sum not exceeding five dollars per day. The presiding judge of the court shall furnish to said reporter at the close of each term of court a certificate showing the amount per diem due him, and upon presentation to the county treasurer of such county he shall pay the same out of any funds of such county in his hands."

We agree with counsel for appellee that "every part of a statute should, if possible, be upheld and given its appropriate force." And we further agree with them that in "construing a statute the primary consideration is to ascertain and give effect to the legislative intention, for the intent of the statute is the law. Therefore, in order to accomplish this object, the court should look at the whole act, and seek to ascertain such intention by an examination and comparison of its various provisions."

These rules in construing statutes have, it is believed, no exceptions.

It would not be reasonable to assume that the legislature intended to clothe a city judge with power to appoint a reporter who would perform the duties required of him without compensation; nor is it reasonable to assume that it intended to clothe such judge with unlimited power to contract for the services of a reporter for any sum they should agree upon, though it should be greater than the maximum per diem fixed by the law of 1887. This being so, how is it possible to escape the conclusion that the legislature intended by the enactment of section 5 of the city court act, to adopt in it at least that portion of the law of 1887 that limits the power of circuit judges to contract with reporters for their services at a sum not exceeding $5 per day? We can discover no possible way of escape, and, as we understand counsel for appellant, he does not attempt to escape the conclusion, but says: "Appoint on the same terms" can not be interpreted to mean "paid by the same party."

That may be true in some cases, and yet not in others. The only question to be determined in this case is, do the words " appoint on the same terms" taken with their surroundings, mean " to pay " also ?

On considering the entire law, it is clear that the legislature has intended to provide for payment of the entire cost and expense of running city courts, and it is equally clear to our understanding that the law nowhere provides, either in express terms, or by necessary implication, that the city shall pay a city court reporter for his services, so that if the burden of paying the reporter is not by law placed on the county in which the city is located, it has not been placed anywhere. This conclusion seems to be unsatisfactory to counsel for appellant, for he frankly admits that " the reporter ought to be paid," and says:

" But who is to pay him ? He holds an office created by statute—not a county office. His duties must be exercised within the limits of the city of East St. Louis. The other officers of that court are paid by the city, except that the clerk's fees are paid by litigants, as prescribed by statute. If it follows from the fact of appointment, that the reporter must be paid, then why should it not be by the municipality over which the jurisdiction of the court extends, which makes his appointment?"

It is not for us to inquire what moved the legislature to pass the law in its present shape, and to correct or disregard any part of it that we may think unjust to the county.

Our duty is done when we ascertain what the legislature intended to do, for as already stated in other words, that is what it did do. If, then, the reporter is to be paid in any way, it must, in our opinion, be by the county. Since section 5 of the law under which the city court was created gives the judge of the court the power to appoint a reporter " on the same terms as the Circuit Court," therefore it inevitably follows that all of the terms, including the manner of payment embraced in the law of 1887, were intended, and not alone a part of them; and as the law of 1887 provides that the reporters of the

Circuit Court shall be paid by the county where the court is held, that portion of the law must be held, at least in effect, to have been enacted in section 5 of the law providing for the creation of city courts, and the two laws should be construed together. Turney v. Wilton et al., 36 Ill. 385.

The court did not err in sustaining appellee's demurrer and awarding the peremptory writ of mandamus, and the judgment is affirmed.